**SYLVANIA ELECTRIC PRODUCTS, INC., Plaintiff, Appellee,**

v.

**Henry B. BRAINERD, Defendant, Appellant.**

**No. 74–1059.**

United States Court of Appeals, First Circuit.

Argued May 8, 1974.

Decided June 20, 1974.

Robert B. Russell, Boston, Mass., with whom Russell & Nields, Boston, Mass., was on brief, for appellant.

Morris Relson, New York City, with whom David R. Francescani, New York City, John M. Harrington, Jr., Ropes & Gray, Boston, Mass., and Darby & Darby, P. C., New York City, were on brief, for appellee.

Before COFFIN, Chief Judge, and McENTEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

This is an appeal from a decision of the district court, reported at 369 F. Supp. 468 (D.Mass.1974), finding the defendant-appellant's patent void, 35 U.S.C. §§ 101–103, and, alternatively, finding that the patent was not infringed by the system developed and marketed by plaintiff-appellee. The court granted appellee's motion for declaratory judgment and dismissed the counterclaim. Because we agree that appellant's patent is void, we do not reach the infringement issue.

The Brainerd patent concerns a mechanism designed to automatically identify railroad cars as they pass particular points on the track. The mechanism employs a beam of light which is re-

flected by special color-coded strips of retro-reflective material[1] mounted on the side of the cars. The returning light is received by the device and, by means of optics, photo-cells, and electronic circuitry, the color-coding of the strips of material is translated into data which is transmitted to a central point. A more detailed description may be found in the district court opinion.

It is not seriously disputed that in broadest outline the Brainerd patent was anticipated by the London Transport's Bus Electronic Scanning Indicator (BESI) System, a system devised for the purpose of keeping track of London's more than seven thousand buses. The district court found that all of the significant elements of the Brainerd patent could be found in BESI or in other prior art, or were obvious to one skilled in the art, and that these elements "do not coact in a novel or unusual manner to produce an additional unexpected function" and thus that the combination of them was obvious, applying the standards of Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966) and Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162 (1950). We believe that the lower court applied the correct legal standard and that its findings of fact were not erroneous. We see no useful purpose served in trying to improve upon its comprehensive yet succinct discussion. We therefore adopt Part I of that court's opinion as the opinion of this court, with the following additional comments.

Most of the arguments made on appeal challenging the district court's holding of invalidity merely repeat points rejected by that court. And to the extent that appellant urges that the Brainerd patent as a whole was not anticipated by BESI it creates a straw man. The findings of the district court as to anticipation went only to whether the key elements of the Brainerd patent were anticipated in the prior art. The court found that each of these elements was anticipated, obvious, or both. But as to the patent as a whole the finding was that the combination of these elements was obvious. Thus, the basic issue is one of obviousness.[2]

Appellant repeatedly charges the district court with the legal sin of using hindsight. We recognize that in judging the question of obviousness hindsight represents a snare and a trap for the unwary. See Graham v. John Deere Co., supra, 383 U.S. at 36, but we think that the court was fully aware of both the problem and the standard to be applied. Indeed, there is in the record evidence bearing upon this very point. The deposition of Mr. Readman, one of the developers of the BESI System, indicates that many of the features used in the Brainerd patent but not found in BESI were sufficiently obvious to have occurred to a fellow "skilled artisan" as possibilities. These include the use of Scotchlite as the material for the reflective strips, a coaxial alignment of sending and receiving optical units, and even the applicability of such a system to railroads. The use of a third color state was also considered by Readman (and his colleague, Pick) in a prior art publication. Thus, the possibility that the presence of real creativity has been obscured by after-the-fact analysis is a remote one.

1. Retro-reflective material has the characteristic of reflecting light in a non-diffuse manner and back along the same path as it came from.

2. On this issue we find only one minor point at which the district court opinion is at all vulnerable. The court indicated that the use of a light limiting slit (designed to "see" less than one colored strip at a time) is disclosed in the prior art Orthuber patent. While it may well be that the apertures described in that patent are meant to have such a function, this is not explicitly revealed in the patent description itself. But we fully agree with the alternative conclusion of the court that the use of such a slit was obvious to a skilled artisan and that its presence in the Brainerd patent does not elevate the whole to a level of non-obviousness.

Finally, as is inevitable in a patent case, appellant charges the court with oversimplifying its discussion of the several critical elements and disregarding the precise language of the patent claims. We have reviewed the particular criticisms and find them insubstantial. All are matters which, while they arguably could have persuaded a judge, need not have. Similarly, the court's refusal to find appellant's combination of elements nonobvious was well within its proper discretion. *See* Koppers Co. v. Foster Grant Co., 396 F.2d 370 (1st Cir. 1968).

It may well be that the Brainerd patent was a "good idea", but there is much more to be shown before the idea becomes patentable, Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., supra, 340 U.S. at 153.

Affirmed.